UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| GLENN FORD | : | CIVIL ACTION |
|---|---|---|
| | : | NO. 15-136-SDD-SCR |
| VERSUS | | |
| | : | JUDGE SHELLY D. DICK |
| WARDEN BURL CAIN, ET AL | : | MAGISTRATE JUDGE STEPHEN C. RIEDLINGER |

*************************************************************************

## PROTECTIVE ORDER

**IT IS HEREBY ORDERED, JUDGED AND DECREED** that this Protective Order shall govern the production of medical and mental health records sought by the parties in this litigation only and all future "Confidential Information" produced by plaintiff's or defense counsel as follows:

### DEFINITIONS

1. Confidential Information is defined as any material designated "Confidential," which may include but is not limited to material so designated or appearing in: (1) "documents"; (2) "discovery responses"; (3) pleadings; or (4) "testimony." "Documents" include all writings, recordings and photographs as defined by Federal Rules of Evidence, Rule 1001, including originals and all copies thereof, and including medical records, in whatever form maintained or produced. "Discovery responses" include "documents" produced in response to Requests for Production, responses to Interrogatories, and responses to Requests for Admission. "Testimony" includes all testimony given under oath in this proceeding, all transcripts, recordings, or videotapes thereof, and all "documents" referred to therein.

2. "Permitted persons" include (1) named counsel of record for the parties to this litigation, partners, employees, and agents of counsel of record and their firms who are assisting in prosecution or defense of this litigation; (2) expert witnesses or consultants and their employees who are assisting them, who have been engaged by counsel for a party to assist in prosecution or defense of this action; (3) medical records transcriptionists; and (4) the named parties to this litigation.

## SCOPE OF ORDER

3. Except as otherwise ordered by the Court, this Order shall apply to documents produced in this litigation only, including all materials produced by either plaintiff's counsel or defense counsel designated as "Confidential."

4. "Confidential information" must be used solely and exclusively for purposes of this case, and then only in accord with the provisions of this Order. Such information may not be used in or for other cases, proceedings or disputes or any other purpose.

5. With respect to any medical records that need to be filed in connection with a motion or trial, such records shall be filed under seal.

6. Except with the prior written consent by either plaintiff's counsel or defense counsel, all documents designated as "Confidential" may not be disclosed in any way, except to "Permitted Persons."

7. It is the responsibility of counsel for each party to maintain material designated as "Confidential" in a secure manner, so as to allow access only to "Permitted Persons."

8. All "Confidential Information" that is submitted to the Court or used in any proceeding before the Court shall remain subject to this Order. A party desiring to use information designated as "Confidential" in any proceeding before the Court in a fashion that would reveal

its contents to non-Permitted Persons, shall provide either plaintiff's counsel or defense counsel with at least ten (10) days' notice of that intent, to enable them to seek any additional protection that it may desire.

## PROCEDURE AFTER RESOLUTION

9. Within sixty (60) days after the conclusion of this matter (including any appellate proceedings), all "Confidential Information," including all copies made of same, except as specified below, shall be destroyed by the recipient.

10. The provisions of this Order shall remain in full force and effect after the entry of final judgment in this case (including any appellate proceedings).

11. The Court will retain jurisdiction, both before and after entry of final award in this case, to construe, enforce and amend the provisions of this Order.

12. Breach of the provisions of this Protective Order shall be subject to sanctions as authorized by statute, rule and the inherent power of the Court.

Baton Rouge, Louisiana, this 19th day of August, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE