UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLENN FORD                                    CIVIL ACTION

VERSUS                                        NO. 15-136-SDD-SCR

WARDEN BURL CAIN, ET AL

### RULING ON MOTION TO COMMENCE DISCOVERY DISCLOSURES

Before the court is the Plaintiff's Motion to Commence Discovery Disclosures. Record document number 82. The motion is opposed.[1]

Plaintiff seeks an order requiring the parties to make their Rule 26(a)(1), Fed.R.Civ.P. disclosures. Defendants opposed the motion, arguing that making disclosures is premature until the district judge rules on the pending motions for more definite statement and dispositive motions.[2]

---

[1] Record document number 83. This opposition was filed by defendants Warden Burl Cain, Richard Peabody, Darryl Vannoy, Dr. Hal MacMurdo, Dr. Jason Collins, Robert Hilton Butler, Ross Maggio and John Whitley. Plaintiff filed a reply memorandum. Record document number 87. The other defendants have not filed a response to the motion and the time for them to do so has not expired. However, additional memoranda are not needed from any party and oral argument would not be helpful.

[2] Record document number 41, Motion to Dismiss and For a More Definite Statement Filed by Defendants, Drs. Thomas Demars and John D. Sparks, and in the Alternative, Motion for Partial Summary Judgment; record document number 57, Motion for a More Definite Statement, filed by defendant Dr. Bill Cassidy; record document number 58, Motion for Partial Summary Judgment, filed by defendant Dr. Bill Cassidy; record document number 61, Motion for a More

(continued...)

Having considered the motion, the defendants' opposition and the plaintiff's reply, and having reviewed the pending motions and the plaintiff's oppositions to them, the court finds that making the Rule 26(a)(1) disclosures is premature. The rulings on the pending motions may result in the plaintiff being required to file an amended complaint which alleges specific facts against each named defendant,[3] or dismissal of some defendants or some of the claims on various grounds, e.g. prescription, failure to exhaust administrative remedies, failure to state a claim on which relief can be granted, and qualified immunity.[4] As to the latter, qualified immunity limits access to the discovery process. Indeed, the U.S. Supreme Court has held that qualified immunity includes immunity from the suit itself. *Mitchell v. Forsythe*, 472 U.S. 511, (1985). But even when discovery is allowed, it should be tailored

---

[2](...continued)
Definite Statement, filed by defendants Warden Burl Cain, Richard Peabody, Darryl Vannoy, Dr. Hal MacMurdo, Dr. Jason Collins, Robert Hilton Butler, Ross Maggio and John Whitley; record document number 64, Motion for Partial Summary Judgment, filed by defendants defendants Warden Burl Cain, Richard Peabody, Darryl Vannoy, Dr. Hal MacMurdo, Dr. Jason Collins, Robert Hilton Butler, Ross Maggio and John Whitley

[3] Plaintiff has conceded that she has no claim against defendant former warden Ross Maggio. Record document number 74, Plaintiff's Combined Response to Defendants' Motions to Dismiss, for Partial Summary Judgment and for More Definite Statement, p. 4, n. 2.

[4] See record document number 64-1, Memorandum in Support of Motion for Partial Summary Judgment, filed by defendants Warden Burl Cain, Richard Peabody, Darryl Vannoy, Dr. Hal MacMurdo, Dr. Jason Collins, Robert Hilton Butler, Ross Maggio and John Whitley, pp. 1, 5-7.

specifically to the question of the defendant's qualified immunity. *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995).

Plaintiff's arguments are unpersuasive. There is no good reason to believe that Glen Ford had no way to know who made the decisions regarding his medical care while he was in prison. This court regularly see suits filed by prisoners regarding the medical care they received, and more often than not those suits name the doctors and other health care providers as defendants. This information likely could have been obtained by Ford in connection with requests for administrative relief regarding any perceived deficient health care filed while he was still in prison. It is appears from the plaintiff's memoranda that she wants broad disclosures, covering nearly 30 years of Ford's incarceration. Plaintiff's request for an order to make Rule 26(a)(1) disclosures is not tailored to addressing the defendants' qualified immunity defense.[5]

The best course at this time is to await the rulings on the pending motions. Thereafter, the parties and the court will be in a better position to assess (1) whether discovery should be limited to the issue of qualified immunity, as to any defendant whose qualified immunity or other asserted defense is not resolved by a

---

[5] For example, the plaintiff did not explain how disclosure of a defendant's insurance coverage information would be relevant to a qualified immunity defense or would enhance her ability to state a viable claim against any defendant. Even disclosure of the names of persons likely to have discoverable information and the subjects of the information they have, by itself, does not address a qualified immunity defense.

pending motion, (2) the scope of relevant discovery as to the claims against the remaining defendants, (3) and tailoring discovery to such other issues as may be identified in the district judge's rulings.

Accordingly, the Plaintiff's Motion to Commence Discovery Disclosures is denied.

Baton Rouge, Louisiana, September 11, 2015.

*signature*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE