UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLENN FORD                                                                    CIVIL ACTION

VERSUS                                                                        15-136-SDD-EWD

WARDEN BURL CAIN, ET AL.

**RULING**

Before the Court is a *Motion to Dismiss and Motion for More Definite Statement, and in the Alternative Motion for Partial Summary Judgment*[1] filed by Defendants, Drs. Thomas Demars and John D. Sparks ("Drs. Demars and Sparks"). The Motions are opposed[2] by the Plaintiff, Glenn Ford ("Ford")[3]. After considering the *Complaint*[4], the applicable law, and the submissions of the Parties, for the reasons which follow the Motion to Dismiss will be GRANTED, without prejudice, in part and DENIED in part, and the Motion for More Definite Statement will be DENIED. The Motion for Partial Summary Judgment need not be reached and, thus, will be DENIED as moot.

I.     RELEVANT FACTUAL ALLEGATIONS AND BACKGROUND

Glenn Ford was incarcerated at Louisiana State Penitentiary ("Angola"), on death row, for 29 years. He was exonerated in March of 2014 and released from Angola. Ford brings civil rights claims under 42 U.S.C. § 1983 alleging deliberate medical indifference, denial of equal protection, and unconstitutional conditions of confinement. Plaintiff also

---

[1] Rec. Doc. 41.
[2] Rec. Doc. 74.
[3] Mr. Ford died subsequent to initiating these proceedings (Rec. Doc. 67) and the Court entered an *Order* substituting Andrea Armstrong, in her capacity as Executrix of the Estate of Glenn Ford, as party Plaintiff.
[4] Rec. Doc. 1.

brings state law claims of negligence, intentional infliction of emotional distress, and medical malpractice.

Movants urge dismissal[5] arguing that the claims related to Ford's medical care and treatment "sound in medical malpractice" and must, therefore, be dismissed as premature for failure to first seek medical malpractice review, pursuant to the Medical Liability for State Services Act, La. R.S. 40:1299.39, et. seq. and/or the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41, et. seq.

Movants further move for a More Definite Statement under FRCP Rule 12(e).

## II.   LAW AND ANALYSIS

### A.   Rule 12(b)(6) Standard

In considering a Rule 12(b)(6) Motion to Dismiss, the court must evaluate whether the complaint meets the legal standard for pleading found in Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Fifth Circuit instructs that:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim.[6]

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[7]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[8]  "To

---

[5] Movant's urge dismissal under FRCP Rule 12(b)(6) or alternatively for Partial Summary Judgment under Rule 56.
[6] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955 (2007) (emphasis added)).
[7] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[8] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[9]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[10]  "To survive dismissal, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

### B. The Sufficiency of the Complaint

The Plaintiff asserts both constitutional claims and state law negligence claims arising out of the allegations that Ford was denied adequate medical care and treatment while confined at Angola. As recognized in this District, Louisiana's medical malpractice laws[12] "sound in negligence; intentional torts are not considered 'malpractice' under either scheme."[13] Accordingly, Louisiana's medical practice schemes are inapplicable to claims of constitutional violations which involve intentional acts.[14]  The Plaintiff's *Complaint*

---

[9] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted)(hereinafter *Twombly*).
[11] *Thompson v. City of Waco, Texas,* 764 F.3d 500, 502-503 (5th Cir. 2014).
[12] The Liability for State Services Act ("MLSSA"), La. Rev. Stat. 40:1299.39, *et seq.*, which governs medical malpractice actions against state health care providers, and the Louisiana Medical Malpractice Act ("LMMA"), La. Rev. Stat. 40:1299.41, *et seq.*, which governs actions against non-state health care providers.
[13] *George v. La. Dept. of Public Safety & Corrections*, 2015 WL 1956256, @ *3 (M.D. La. Apr. 29, 2015).
[14] *Bailey v. E.B.R. Parish Prison*, 2015 WL 545706, at *3 (M.D.La. Feb. 9, 2015); *Thomas v. James*, 809 F.Supp. 448 (W.D.La. 1993); *Adams v. Foti*, 2004 WL 241859, at *4 (E.D.La. 2004).

alleges facts which, when read in a light most favorable to the Plaintiff and assumed true, make out a plausible claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment.

However, Count 11 of the *Complaint* alleges that the "Defendants breached the standard of care in their treatment and lack of treatment of Ford's medical conditions."[15] This medical malpractice claim is subject to Louisiana's medical malpractice substantive law. There are no allegations that Ford has presented his claims to a medical review panel. Louisiana law is clear - no action may be brought against a healthcare provider in any court before the claim has first been presented to the applicable medical review panel.[16]

Accordingly, Drs. Demars and Sparks' Rule 12(b)(6) Motion to Dismiss is GRANTED without prejudice as to the state medical malpractice claims and DENIED in all other respects. The Movants' alternative Motion for Partial Summary Judgment need not be reached and is hereby DENIED as moot.[17]

### C.    Rule 12(e) Motion for a More Definitive Statement

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[18]

---

[15] Rec. Doc. 1, ¶ 122.
[16] Note 11, supra.
[17] Rec. Doc. 41.
[18] *Swierkiewicz v. Sorema N. A.*, 122 S.Ct. 992, 999, 534 U.S. 506, 512 (U.S., 2002).

Movants maintain that the *Complaint* is vague and ambiguous because it "inappropriately lumps all Defendants for the vast majority of the claims" and fails to provide the "timing of the actions or the specific actor(s)".[19]

The Court finds that Plaintiff's *Complaint* satisfies the requirements of Rule 8(a). The *Complaint* gives respondents fair notice of the basis for Plaintiff's claims and the grounds on which the claims rest. Nothing more is required. A Rule 12(e) Motion for More Definite Statement is not a substitute for the discovery process. Drs. Demars and Sparks' Rule 12(e) Motion for More Definite Statement is accordingly DENIED.[20]

Signed in Baton Rouge, Louisiana on February 4, 2016.

_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[19] Rec. Doc. 41-1.
[20] Rec. Doc. 41.