UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GLENN FORD | CIVIL ACTION |
| VERSUS | 15-136-SDD-EWD |
| BURL CAIN, ET AL. | |

### RULING

Before the Court is the Defendant, Dr. Bill Cassidy's ("Cassidy") *Motion for Partial Summary Judgment*.[1] Cassidy urges dismissal of the Plaintiff's Constitutional claims on the grounds of qualified immunity, dismissal of Medical Malpractice claims on the grounds of prematurity for failure to exhaust administrative remedies, and dismissal of all claims arising from alleged acts or omissions which occurred more than 1 year prior to the date suit was filed. The Motion is opposed.[2] For the reasons which follow, the Motion shall be granted in part and denied in all other respects.

I.   **RELEVANT FACTUAL ALLEGATIONS AND BACKGROUND**

Glenn Ford ("Ford") was incarcerated at Louisiana State Penitentiary ("Angola"), on death row, for 29 years. He was exonerated in March of 2014 and released from Angola. Ford[3] brings civil rights claims under 42 U.S.C. § 1983 alleging deliberate medical indifference, denial of equal protection, and unconstitutional conditions of confinement.

---

[1] Rec. Doc. 58.
[2] Rec. Doc. 74.
[3] Mr. Ford died subsequent to initiating these proceedings (Rec. Doc. 67) and the Court entered an *Order* substituting Andrea Armstrong, in her capacity as Executrix of the Estate of Glenn Ford, as party Plaintiff.

Plaintiff also brings state law claims of negligence, intentional infliction of emotional distress, and medical malpractice.

With respect to medical indifference claims, Petitioner's *Complaint*[4] alleges that, while in custody, he was deliberately denied adequate medical treatment for serious medical conditions, including lung cancer, stomach infection, and knee injury. Petitioner alleges that he discerned the nature and full extent of his illnesses only after his release when he was able to obtain adequate medical care.

## II.   LAW AND ANALYSIS

### A. Prematurity

Cassidy urges dismissal arguing that the claims related to Ford's medical care and treatment "sound in medical malpractice" and must, therefore, be dismissed as premature for failure to first seek medical malpractice review, pursuant to the Medical Liability for State Services Act, La. R.S. 40:1299.39, re-designated as 40:1237.1 through 40:1237.4 et. seq. and/or the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, et. seq.

Louisiana's medical malpractice laws[5] "sound in negligence; intentional torts are not considered 'malpractice' under either scheme."[6] Accordingly, Louisiana's medical malpractice practice schemes are inapplicable to claims of constitutional violations which involve intentional acts.[7]  Petitioner's *Complaint* alleges that Cassidy, among others, "provided inadequate medical diagnosis and treatment to Ford."[8] The *Complaint* pleads

---

[4] Rec. Doc. 1.
[5] The Medical Liability for State Services Act ("MLSSA"), La. Rev. Stat. 40:1299.39, *et seq.*, which governs medical malpractice actions against state health care providers, and the Louisiana Medical Malpractice Act ("LMMA"), La. Rev. Stat. 40:1299.41, *et seq.*, which governs actions against non-state health care providers.
[6] *George v. La. Dept. of Public Safety & Corrections*, 2015 WL 1956256, at *3 (M.D. La. Apr. 29, 2015).
[7] *Bailey v. E.B.R. Parish Prison*, 2015 WL 545706, at *3 (M.D.La. Feb. 9, 2015); *Thomas v. James*, 809 F.Supp. 448 (W.D.La. 1993); *Adams v. Foti*, 2004 WL 241859, at *4 (E.D.La. 2004).
[8] Rec. Doc. 1, ¶ 14.

deliberate indifference to serious medical needs in violation of the Eighth Amendment, as to "all defendants". Movant offers no summary judgment evidence that Dr. Cassidy was not involved in Ford's care and treatment during the period of his incarceration. Rather, Cassidy seeks dismissal of deliberate indifference claims on the theory that these are akin to state law medical malpractice claims and, thus, require submittal of the claims to a medical review panel as a condition precedent to filing suit.

For the reasons which the Court previously set forth in its *Ruling*[9] denying Drs. Demars and Sparks' *Motion to Dismiss*,[10] the Court shall deny Dr. Cassidy's *Motion for Partial Summary Judgment* on the deliberate indifference claims, which allege intentional acts of intentional torts. Louisiana's medical practice schemes are inapplicable to claims of constitutional violations which involve intentional acts.[11]

However, Count 11 of the *Complaint* which alleges breach of the medical standard of care is subject to Louisiana's medical malpractice substantive law. It is undisputed that Dr. Cassidy was a qualified healthcare provider pursuant to La. R.S. 40:1299.39.[12]  It is further undisputed that a request for medical review was initiated on behalf of Petitioner on May 14, 2015. Petitioner offers no summary judgment evidence that the medical review is complete. Louisiana law is clear - no action may be brought against a healthcare provider in any court before the claim has first been presented to the applicable medical review panel.[13] Accordingly, the Court will GRANT Dr. Cassidy's Motions dismissing the state law medical malpractice claims asserted in Count 11, without prejudice.

---

[9] Rec. Doc. 94.
[10] Rec. Doc. 41.
[11] *Bailey v. E.B.R. Parish Prison*, 2015 WL 545706, at *3 (M.D.La. Feb. 9, 2015); *Thomas v. James*, 809 F.Supp. 448 (W.D.La. 1993); *Adams v. Foti*, 2004 WL 241859, at *4 (E.D.La. 2004).
[12] Rec. Doc. 58-4.
[13] Note 11, supra.

### B. Prescription

Dr. Cassidy contends that Plaintiff's claims that pre-date March 9, 2014 have prescribed. The Plaintiff's claims fall into two categories: deliberate indifference to medical needs and conditions of confinement. Arguing that the Plaintiff's deliberate indifference claims are time barred, movant points to allegations in the *Complaint* that Ford began experiencing knee symptoms in 1998 and stomach complaints in 2001.[14] Cassidy argues that Plaintiff was and/or should have been aware of the medical issues raised in the *Complaint* thus triggering the 1 year liberative prescription period.

There is no federal statute of limitations for 42 U.S.C. § 1983 actions. State's general personal injury limitations control, while federal law determines the date that accrual commences.[15] Under federal law, accrual of a Section 1983 claim occurs when a plaintiff knows that he has been injured and that the defendant caused his injury.[16] Petitioner argues that prescription does not commence until the plaintiff knows of the "true permanent extent of the injuries" which was unknowable by Ford until "adequate care [was] finally obtained".[17]

Cassidy does not offer argument to support his prescription motion on the conditions of confinement claims except to broadly urge that all claims that pre-date March 9, 2014 have prescribed. Citing the continuous tort doctrine, Petitioner argues that conditions of confinement were continuing and, thus, his claim did not accrue until the conditions, or tortious conduct, ceased. The Court finds that material issues of fact render

---

[14] Rec. Doc. 1, ¶¶ 3, 4, 54-55, 59-62.
[15] *Owens v. Okure*, 488 U.S. 235 (1989).
[16] *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *Burrell v. Newsome*, 883 F.2d 416, 18 (5th Cir. 1989).
[17] Rec. Doc. 74.


summary judgment on the timeliness of suit issue inappropriate at this time. The Petitioner's affidavit[18], submitted in opposition to the subject *Motion*, raises substantial and material issues regarding Petitioner's knowledge of the nature and extent of his medical condition at times during his incarceration. Likewise, the duration and continuity of the alleged unlawful conditions is a material issue of fact. Accordingly, summary judgment on the grounds of prescription is DENIED.

### C. Qualified Immunity

Movant argues that Plaintiff has failed to sufficiently allege or show how Movant had any direct or personal involvement in the events alleged in the *Complaint* to support a finding of potential liability against him. Citing law applicable on vicarious liability under 42 USC § 1983, Movant argues that the absence of allegations of direct and personal involvement by Dr. Bill Cassidy requires dismissal on the grounds of qualified immunity.

The *Complaint* sufficiently alleges violations of clearly established rights.[19] Further, in opposition to the *Motion*, Petitioner offers the Affidavit of Mark Loevey-Reyes[20], an attorney for the Petitioner, who attests that he has reviewed the Plaintiff's medical records and that Cassidy received lab tests at various times during Ford's incarceration which revealed that Ford had cancer.

---

[18] Rec. Doc. 74-3.
[19] Rec. Doc. 1.
[20] Rec. Doc. 74-1.

**III.    CONCLUSION**

After viewing the summary judgment evidence in the light most favorable to the Plaintiff, the Court finds that whether Movant violated the Plaintiff's constitutional rights remains a material issue.[21] Dr. Cassidy's *Motion for Summary Judgment*[22] on the grounds of Qualified Immunity is DENIED. Dr. Cassidy's Motions dismissing the state law medical malpractice claims asserted in Count 11 are GRANTED and those claims are dismissed without prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on February 29, 2016.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[21] *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007).
[22] Rec. Doc. 58.