UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLENN FORD                                                        CIVIL ACTION

VERSUS                                                             15-136-SDD-EWD

BURL CAIN, ET AL.

**RULING**

Before the Court is a *Motion for Partial Summary Judgment*[1] by the Defendants, Burl Cain, Richard Peabody, Darryl Vannoy, Dr. Hal MacMurdo, Dr. Jason Collins, Robert Hilton Butler, Ross Maggio, and John Whitley (collectively "Defendants"). Defendants seek summary dismissal on the asserted grounds that: 1) Plaintiff failed to exhaust administrative remedies required by the Prison Litigation Reform Act, 42 U.S.C. §1997e(a); 2) claims asserted by Plaintiff that pre-date March of 2014 are prescribed; 3) medical malpractice claims asserted against Drs. Hal MacMurdo and Jason Collins are premature and fail to state a claim; and 4) they are entitled to qualified immunity. The Motion is opposed.[2]  For the reasons which follow, the Motion shall be granted in part and denied in all other respects.

**I.      RELEVANT FACTUAL ALLEGATIONS AND BACKGROUND**

Glenn Ford ("Ford") was incarcerated at Louisiana State Penitentiary ("Angola"), on death row, for 29 years. He was exonerated in March of 2014 and released from

---

[1] Rec. Doc. 64
[2] Rec. Doc. 74.

31105

Angola. Ford[3] brings civil rights claims under 42 U.S.C. § 1983 alleging deliberate medical indifference, denial of equal protection, and unconstitutional conditions of confinement. Plaintiff also brings state law claims of negligence, intentional infliction of emotional distress, and medical malpractice.

With respect to medical indifference claims, Petitioner's *Complaint*[4] alleges that, while in custody, he was deliberately denied adequate medical treatment for serious medical conditions, including lung cancer, stomach infection, and knee injury. Petitioner alleges that he discerned the nature and full extent of his illnesses only after his release when he was able to obtain adequate medical care.

## II. LAW AND ANALYSIS

### A. Prematurity for Failure to Exhaust Administrative Remedies Under the PLRA

Movants, Burl Cain, Richard Peabody, Darryl Vannoy, Dr. Hal MacMurdo, Dr. Jason Collins, Robert Hilton Butler, Ross Maggio, and John Whitley contend that Plaintiff failed to exhaust administrative remedies before he was released from prison. Movants cite the exhaustion provision of the Prison Litigation Reform Act (PLRA)[5] as support of their motion for summary judgment for failure to exhaust administrative remedies.[6]

42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, *by a prisoner confined in any jail*, prison, or other correctional facility until such administrative remedies as are available are exhausted. (emphasis added)

---

[3] Mr. Ford died subsequent to initiating these proceedings (Rec. Doc. 70) and the Court entered an *Order* substituting Andrea Armstrong, in her capacity as Executrix of the Estate of Glenn Ford, as party Plaintiff.
[4] Rec. Doc. 1.
[5] 42 U.S.C. § 1997e(a).
[6] Rec. Doc. 64.

31105

The term "Prisoner", as used in the PLRA, is defined as a "person incarcerated or detained."[7] Ford was not incarcerated or detained when he filed the instant suit, thus by the plain words of the statute exhaustion is not required.[8] The Fifth Circuit has not addressed the precise issue presented here, but in interpreting 42 U.S.C. § 1997e(d), which governs awards of attorney's fees in "any action brought by a prisoner", the Court found that because the plaintiff did not meet the definition of "prisoner" under the PLRA "when [his] complaint was filed, the fee limits of the Act did not apply."[9]

As in any case of statutory interpretation, the Court must "look to the plain language of the statute, reading it as a whole and mindful of the linguistic choices made by Congress."[10] Where the language of the statute is "plain and unambiguous, it must be given effect."[11] By the plain meaning of the terms, Ford was neither incarcerated nor detained when he filed the instant suit, thus exhaustion is not required. Accordingly, the *Motion for Summary Judgment to Dismiss for Failure to Exhaust Administrative Remedies* is DENIED.

### B. Prematurity for Failure to Exhaust Administrative Remedies for Medical Malpractice Claims

Drs. Hal MacMurdo and Jason Collins urge dismissal arguing that the claims related to Ford's medical care and treatment "sound in medical malpractice" and must, therefore, be dismissed as premature for failure to first seek medical malpractice review, pursuant to the Medical Liability for State Services Act, La. R.S. 40:1299.39, re-

---

[7] 42 U.S.C. 1997e(h).
[8] *Lesesne v. Doe*, 712 F.3d 584, 587-88 (D.C. Cir. 2013).
[9] *Janes v. Hernandez*, 215 F.3d 541, 543 (5th Cir. 2000).
[10] *In re Universal Seismic Assoc., Inc.,* 288 F.3d 205, 207 (5th Cir. 2002) (internal citations omitted).
[11] *Kelly v. Boeing Petroleum Servs., Inc.,* 61 F.3d 350, 362 (5th Cir.1995).

31105

designated as 40:1237.1 through 40:1237.4 *et. seq.* and/or the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, *et. seq.*

For the reasons which the Court previously set forth in its *Ruling*[12] denying Drs. Demars and Sparks' *Motion to Dismiss*,[13] the Court shall DENY Drs. Hal MacMurdo and Jason Collins' *Motion for Partial Summary Judgment* on the deliberate indifference claims, which allege intentional acts of intentional torts. Louisiana's medical malpractice schemes are inapplicable to claims of constitutional violations which involve intentional acts.[14]

However, Count 11 of the *Complaint* which alleges breach of the medical standard of care is subject to Louisiana's medical malpractice substantive law. It is undisputed that Drs. MacMurdo and Collins were, during the relevant time periods, qualified healthcare providers pursuant to La. R.S. 40:1299.39.[15]  It is further undisputed that a request for medical review was initiated on behalf of Petitioner on May 14, 2015. Petitioner offers no summary judgment evidence that the medical review is complete. Louisiana law is clear - no action may be brought against a healthcare provider in any court before the claim has first been presented to the applicable medical review panel.[16] Accordingly, the Court will GRANT Dr. Hal MacMurdo and Dr. Jason Collins' motion dismissing the state law medical malpractice claims asserted in Count 11, without prejudice.

---

[12] Rec. Doc. 94.
[13] Rec. Doc. 41.
[14] *Bailey v. E.B.R. Parish Prison*, No. 12-224-JJB, 2015 WL 545706, at *3 (M.D. La. Feb. 9, 2015); *Thomas v. James*, 809 F.Supp. 448 (W.D. La. 1993); *Adams v. Foti*, No. Civ. A. 02-1059, 2004 WL 241859, at *4 (E.D. La. 2004).
[15] Rec. Doc. 64-6.
[16] *Bailey v. E.B.R. Parish Prison*, 2015 WL 545706, @ *3 (M.D. La. Feb. 9, 2015).

## C. Prescription

Movants contend that Plaintiff's claims that pre-date March 9, 2014 have prescribed. For the reasons given in this Court's *Ruling*[17] denying the *Motion for Summary Judgment* of co-defendant Dr. Cassidy on the grounds of prescription, the Movants' *Motion for Partial Summary Judgment*[18] on the grounds of prescription will be DENIED.

## D. Qualified Immunity

Defendants Cain, Peabody, Vannoy, Butler, Maggio, and Whitley argue that Plaintiff has failed to sufficiently allege sufficient facts which show that Movants had any direct or personal involvement in the events alleged in the *Complaint* to support a finding of potential liability against them. Citing law applicable on vicarious liability under 42 USC § 1983, Movants argue that the absence of allegations of direct and personal involvement by them requires summary dismissal on the grounds of qualified immunity.

The *Complaint* alleges violations of clearly established rights by all Defendants.[19] All reasonable factual inferences are drawn in favor of the nonmoving party.[20] The summary judgment evidence, most notably the affidavit of Glen Ford, when read in a light most favorable to Plaintiff, reveals material issues of fact regarding the conditions of Ford's confinement. At this pre-discovery stage, the Court is not equipped to make a determination as to the objective reasonableness of the acts alleged. The *Motion for Summary Judgment* on the grounds of qualified immunity will be DENIED without prejudice.

---

[17] Rec. Doc. 97.
[18] Rec. Doc. 64.
[19] Rec. Doc. 1.
[20] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

31105

### E. Dismissal of Defendant Ross Maggio

In support of summary judgment, Maggio attested that he was not employed at Angola during the years of the Plaintiff's incarceration there.[21] Plaintiff concedes in his brief that, based on this evidence, he has no claims against Maggio. Accordingly, Ross Maggio shall be dismissed with prejudice from these proceedings.

### III. CONCLUSION

After viewing the summary judgment evidence in the light most favorable to the Plaintiff, the Court finds that whether Movants violated the Plaintiff's constitutional rights remains a material issue.[22] Accordingly, Movants' *Motion for Partial Summary Judgment*[23] shall be granted in part and denied in part. The Motion is GRANTED without prejudice as to Plaintiff's state medical malpractice claims against Dr. Hal MacMurdo and Dr. Jason Collins. The Motion is GRANTED with prejudice as to Plaintiff's claims against Defendant, Ross Maggio. The Motion is hereby DENIED on all other grounds.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 10, 2016</u>.

*[signature]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[21] Affidavit of Ross Maggio, Rec. Doc. 64-4.
[22] *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007).
[23] Rec. Doc. 64.

31105