IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREA ARMSTRONG, ) <br> as Executrix of the Estate of ) <br> GLENN FORD, ) <br> ) <br>     Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> Warden Burl Cain, *et al.* ) <br> ) <br>     Defendants. ) | Case No. 3:15-cv-00136 <br><br> Judge Shelly D. Dick <br><br> Magistrate Judge Erin Wilder-Doomes <br><br><br> JURY TRIAL DEMANDED |

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, Andrea Armstrong, as Executrix of the Estate of Glenn Ford, under Fed. R. Civ. P. 37, respectfully moves for an order from this Court to compel Defendants Cain, Whitley, Peabody, Butler, Vannoy, Cassidy, Demars, Macmurdo, Collins, and Sparks to produce complaint files and answer policy related discovery. In support, Plaintiff states as follows:

### Procedural Background

1. Plaintiff Glenn Ford filed his Complaint on March 9, 2015. Doc. 1.

2. The Complaint alleges that Defendants violated Glenn Ford's rights during his 30 years of wrongful imprisonment, both by maintaining unconstitutional living conditions and by being deliberately indifferent to his objective medical needs. *Id.*

1

3.      Plaintiff expressly claims that Defendants were aware of the substandard conditions and treatment, but failed to cure them. *Id.* at ¶85.

4.      In February and March 2016, this Court issued a series of orders resolving pending motions to dismiss, for summary judgment, and for more definite statement. Doc. 94-98.

5.      On June 16, 2016, the Court held a scheduling conference and set a discovery schedule that provided for the close of fact discovery on February 17, 2017. Doc. 109.

## Plaintiff's Initial Discovery

6.      On June 16, 2016, Plaintiff tendered to Defendants her first set of Requests for Production and Interrogatories. See Exhibits 1 and 2.

7.      On or about July 11, 2016, Plaintiff agreed to Defendants' requests for a 30-day extension for answering Plaintiff's Discovery. See Exhibits 3 and 4.

8.      From August 18, 2016 to September 2, 2016, Defendants answered Plaintiff's first set of written discovery. See Exhibits 5 (Butler Interrogatories Response); 6 (Cain Interrogatories Response); 7 (Cassidy Interrogatories Response); 8 (Collins Interrogatories Response); 9 (Demars Interrogatories Response); 10 (MacMurdo Interrogatories Response); 11 (Sparks Interrogatories Response); 12 (Vannoy Interrogatories Response); 13 (Whitley Interrogatories Response);  14 (Sparks and Demars Production Requests Response); and 15 (Cain, Peabody, Vannoy, MacMurdo, Cassidy, Collins, Butler, and Whitely Production Requests Response).

9. Plaintiff's initial discovery requests the following important categories of evidence:

**Prior Complaint Information**

a. Prior complaint information (including lawsuits) for any complaint made against each individual Defendant related to his duties at Angola State Prison. Interrogatory 3, Requests for Production 22, 33.

b. Prior complaint information related to claims by prisoners against Angola State Prison regarding inadequate medical care or that relate to complaints by prisoners that are similar in nature to Plaintiff's allegations in her Complaint. Requests for Production 24-26, 40.

**Policy Information**

c. Identifying the policymakers for purposes of investigating the official policy for ensuring medical care for prisoners at Angola State Prison. Interrogatory 12.

d. Producing any document that supports that any Defendant acted inconsistently with any policy at Angola State Prison. Request for Production 21.

10. These categories of discovery are directly related to Plaintiff's claims of deliberate indifference in that they are relevant to establish personal and

institutional knowledge about the categories of constitutional violations that Plaintiff alleges.

11. The discovery, therefore, falls neatly in the scope of Federal Rule of Civil Procedure 26(b)(1). *See* FED. R. CIV. PRO. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense").

### The Discovery Dispute

12. Despite the relevance of these requests, Defendants flatly object to answering these discovery requests (except only Defendants Cassidy, DeMars, Sparks and MacMurdo failed to answer Plaintiff's Interrogatory 12). See Exhibits 5-15.

13. Plaintiff's requests at issue here seek documents that are quintessential discovery under Rule 26—the documents are directly relevant to Plaintiff's claims that each Defendant was deliberately indifferent.

14. Despite the obvious relevance, Defendants object to producing the documents generally because they claim that the discovery is not relevant and is burdensome to produce.

15. Defendants' objections are groundless. As noted above, the discovery requests here fit neatly within the bounds of Plaintiff's claims. They are narrowly tailored in subject matter (both as to claims and to parties). They are also directed at the relevant timeframe at issue in Plaintiff's Complaint—the years that Glenn Ford was wrongfully imprisoned on death row at Angola State Prison.

16.     In arguing that it is overly burdensome to produce prior complaints, Defendants discuss at length the purported arduous process it will need to undertake to comply with Plaintiff's request for prior complaints related to the subject matters of Plaintiff's Complaint. Those claims are no basis to refuse production. First, Defendants can avoid that process if they simply produce all complaints to Plaintiff and put the onus on Plaintiff to sort through those documents. Second, and perhaps more importantly, there is a real public policy concern at stake here—Defendants are acting to shield themselves from disclosing complaints because it has purportedly created a poor system of cataloguing complaints. If that is allowed, it creates a perverse incentive to maintain a disorganized record-keeping system to shield corrections officers from accountability for violating people's constitutional rights.

## Efforts to Resolve the Dispute

17.     On September 14, 2016, Plaintiff sent Defendants a letter outlining Plaintiff's objections to Defendants' failure to answer discovery (including this dispute and others that were later resolved). *See* Exhibit 16.

18.     On September 16, 2016, counsel for all Defendants except Demars and Sparks asked for until September 27, 2016 to respond. *See* Exhibit 17.

19.     On September 27, 2016, counsel for all Defendants except Demars and Sparks did produce supplemental responses to Plaintiff's discovery, which helped to narrow the issues. *See* Exhibit 18.

20. On October 6, 2016, Plaintiff confirmed with Defendants that some of the items had been resolved, but reiterated that there remained a dispute about the above described items. Plaintiff asked for dates to meet and confer about those disputes. *See* Exhibit 19.

21. On October 19, 2016, the parties met and conferred by telephone to try to resolve the above disputes. The parties were unable to do so. *See* Exhibits 20 and 21.

WHEREFORE, Plaintiff respectfully requests that this Court order Defendants to answer the above described discovery related to: (1) complaints against Defendants concerning their duties at Angola State Prison; (2) complaints that were made against Angola State Prison that are similar to those brought by Plaintiff here during the times that Glenn Ford was wrongly imprisoned on death row; (3) the identification of the relevant policy maker at Angola State Prison; and (4) any violations of Angola State Prison policy made by any Defendant.

Dated: November 30, 2016.

Attorneys for Plaintiff Andrea Armstrong

/s/ William Most
William Most, LA Bar No. 36914
Law Office of William Most
637 Kerlerec St.
New Orleans, LA 70116
(650) 465-5023

/s/ Mark Loevy-Reyes
Mark Loevy-Reyes, Illinois Bar No. 6209841
Loevy & Loevy
311 N Aberdeen St, 3rd Floor

6

> Chicago, IL 60607
> (312) 243-5900
> mark@loevy.com
> Admitted to this Court *pro hac vice*

7

## CERTIFICATE OF SERVICE

      I, Mark Loevy-Reyes, an attorney, hereby certify that on November 30, 2016, I filed the foregoing Memorandum in Support of Plaintiff's Motion to Compel Discovery using the Court's CM/ECF system, which effected service on all counsel of record

                                            /s/ Mark Loevy-Reyes