IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREA ARMSTRONG, )<br>as Executrix of the Estate of )<br>GLENN FORD, )<br>   )<br>   Plaintiff, )<br>   )<br>   v. )<br>   )<br>Warden Burl Cain, *et al.* )<br>   )<br>   Defendants. ) | Case No. 3:15-cv-00136<br><br>Judge Shelly D. Dick<br><br>Magistrate Judge Erin Wilder-Doomes<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO TAKE MORE THAN TEN DEPOSITIONS**

Plaintiff, Andrea Armstrong, as Executrix of the Estate of Glenn Ford, under Fed. R. Civ. P. 30, submits her memorandum in support of her motion for leave to take more than ten depositions. In support, Plaintiff states as follows:

**Procedural Background**

Plaintiff Glenn Ford filed his Complaint on March 9, 2015. Doc. 1. The Complaint alleges that eleven Defendants violated Glenn Ford's rights during his 30 years of wrongful imprisonment, both by maintaining unconstitutional living conditions and by being deliberately indifferent to his objectively serious medical needs. *Id.* Plaintiff expressly claims that Defendants mistreated Glenn Ford's lung cancer—when he was released from his unlawful imprisonment, he was almost immediately diagnosed with stage four lung cancer. *Id.* Mr. Ford died 16 months later.

1

Plaintiff also claims that Defendants created unsafe living conditions, including introducing of carcinogens, extreme heat, and unsanitary conditions. *Id.* In February and March 2016, this Court issued a series of orders resolving pending motions to dismiss, for summary judgment, and for more definite statement. Doc. 94-98.  On June 16, 2016, the Court held a scheduling conference and set a discovery schedule that provided for the close of fact discovery on February 17, 2017. Doc. 109.

### Plaintiff's Requests for Deposition Dates

On August 30, 2016, Plaintiff asked Defendants; counsel for dates that the parties could set aside to schedule depositions. See Exhibit 1, August 30, 2016 letter.  On September 9, 2016, Stacey Johnson, one of Defendants' counsel, asked Plaintiff to identify persons that Plaintiff sought to depose. See Exhibit 2, September 9, 2016 letter. But Defendants did not respond to the request for dates so, on September 12, 2016, Plaintiff advised Defendants that Plaintiff would proceed to schedule depositions. See Exhibit 3, September 12, 2016 letter.

On September 16, 2016, Ms. Johnson advised that request for dates for deposition was premature because additional discovery was propounded and because Plaintiff had not identified Defendants with the names of deponents. See Exhibit 4, September 16, 2016 letter. On September 20, 2016, Plaintiff gave Defendants a tentative list of deponents. See Exhibit 5, September 20, 2016 letter. This list was derived from the parties in the complaint, the people identified by Defendants in their disclosures under Federal Rule of Civil Procedure 26, and

people identified in subsequent discovery responses as individuals with relevant information in the case.

On September 27, 2016, Ms. Johnson for the first time raised the issue that the number of depositions sought by Plaintiff would exceed 10. See Exhibit 6, September 27, 2016 letter. She did provide possible deposition dates, but counsel for the remaining deponents, Jude Bourque did not. *Id.* On September 30, 2016, Plaintiff asked Defendants to clarify if they were objecting to the number of depositions sought by Plaintiff and pointing out that this case was too broad to be limited to just ten depositions. See Exhibit 7, September 30, 2016 letter. Plaintiff also asked Mr. Bourque for deposition dates so that the parties could at least begin scheduling depositions. *Id.*

On October 5, 2016, Mr. Bourque did weigh in on the issue of depositions, noting that Plaintiff sought more than ten depositions and stating that he was not free during two weeks for depositions. See Exhibit 8, October 5, 2016 letter. Also on October 5, 2016, Ms. Johnson advised that she objected to Plaintiff taking more than ten depositions. See Exhibit 9, October 5, 2016 letter.

On October 6, 2016, Plaintiff acknowledged the dispute about the number of deposition dates, identified that Mr. Bourque had not provided dates of availability, and again stated Plaintiff's intention to begin taking deposition. See Exhibit 10, October 6, 2016 letter. Plaintiff further requested to schedule a time to meet and confer about the issue of the number of depositions. *Id.* On October 7, 2016, Ms. Johnson advised Plaintiff that she was available two weeks later to meet and confer

3

about the issue related to the number of depositions. See Exhibit 11, October 7, 2016 letter.

On October 19, 2016, the parties did meet and confer by telephone about the issue of the number of depositions to be taken. Defendants took the position that they may agree to Plaintiff taking more than ten depositions, but that they needed to review discovery first. See Exhibit 12, October 19, 2016 Letter. Plaintiff agreed to hold off on filing this motion so long as Defendants were considering agreeing to the relief sought here.

On October 31, 2016, Plaintiff e-mailed Mr. Johnson and Mr. Bourque and asked again if they agreed to Plaintiff taking more than ten depositions. See Exhibit 13, October 31, 2017 e-mail chain. Plaintiff noted that she had served discovery responses, which is what Defendants said they needed to decide if they would consent to more than ten deposition. *Id.* In response, Ms. Johnson advised that she had two trials that prevented her from responding to Plaintiff's request. *Id.* After waiting for a response after those trials ended, and hoping to discuss the issue in a Rule 37 conference that was scheduled for December 1, 2016 (this conference was cancelled by Defendants—see Exhibit 14, December 1, 2016 letter), Plaintiff cannot wait any further to present this motion.

### The Need for More than Ten Depositions

On March 9, 2015, Plaintiff, Glenn Ford, brought this case to seek justice for the unconstitutional conditions of his confinement after he was released from death row at Angola prison, where he was wrongfully imprisoned for almost 30 years for a

murder that he did not commit. Doc. 1. His claims include allegations that Defendants: (1) were deliberately indifferent to his objectively serious medical conditions, including lung cancer that led to Plaintiff's death shortly after he filed this lawsuit; (2) caused state-created hazards including contaminants, carcinogens, and unsanitary conditions; and (3) singled out death row inmates for unlawful treatment during the almost 30 years that he was imprisoned. Doc.1.

This is, therefore, a fact intensive case covering decades. Moreover, these claims are made against 11 separate defendants. *Id*. Plaintiff intends to depose each of those parties, which already puts the number of depositions over ten. In addition, Plaintiff will seek to depose other prisoners, prison staff, and medical staff. On top of that, the complexity of the cases will likely require expert opinions, necessitating additional depositions.

Plaintiff does not perceive that there is any way that he can adequately prepare this case using ten or fewer depositions. She advised Defendants that she would need approximately 40 depositions to adequately prepare her case. See Exhibit 5. This list was based on persons who were identified as having knowledge of the case. *Id*.

## Conclusion

Given the complex nature of Plaintiff's claims both in duration and in subject matter, Plaintiff requires more than ten depositions to adequately prepare her case. This is because her claims encompass multiple complex subject matters over almost three decades against elven defendants.

5

WHEREFORE, Plaintiff respectfully requests that this Court enter an order granting Plaintiff leave to depose more than ten witnesses, and ordering that the parties cooperate in determining the deponents to be deposed.

Dated: December 5, 2016.

                                 Attorneys for Plaintiff Andrea Armstrong

                                 /s/ William Most
                                 William Most, LA Bar No. 36914
                                 Law Office of William Most
                                 201 St. Charles Ave. Suite 114 #101
                                 New Orleans, LA 70170
                                 (650) 465-5023

                                 /s/ Mark Loevy-Reyes
                                 Mark Loevy-Reyes, Illinois Bar No. 6209841
                                 Loevy & Loevy
                                 311 N. Aberdeen St., 3rd Floor
                                 Chicago, IL 60607
                                 (312) 243-5900
                                 mark@loevy.com
                                 Admitted to this Court *pro hac vice*

## CERTIFICATE OF SERVICE

I, Mark Loevy-Reyes, an attorney, hereby certify that on December 5, 2016, I filed the foregoing PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO TAKE MORE THAN TEN DEPOSITIONS using the Court's CM/ECF system, which effected service on all counsel of record.

                                  Respectfully Submitted,

                                  /s/ Mark Loevy-Reyes
                                  One of Plaintiff's Attorneys