# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GLENN FORD**                                                    **CIVIL ACTION**

**VERSUS**                                                        **NO. 15-136-SDD-EWD**

**BURL CAIN, ET AL.**


## RULING AND ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Before the Court is a Motion to Compel Discovery,[1] filed by plaintiff Andrea Armstrong, as Executrix of the Estate of Glenn Ford under Rule 30 of the Federal Rules of Civil Procedure ("Plaintiff").[2]  The Motion is opposed.[3]  The Court finds that oral argument is not necessary.[4]  For the reasons that follow, the Motion is **GRANTED in part.**[5]

## I.      Background

On March 9, 2015, Glenn Ford filed a Complaint in this Court against Warden Burl Cain, Warden Ross Maggio, Warden John Whitley, Warden Peabody, Warden Robert Hilton Butler, Warden Frank C. Blackburn, Warden Darrel Vannoy, Prison Official Does 1-10, Dr. Cassidy, Dr. Macmurdo, Dr. Collins, Dr. Demars, Dr. Sparks, Doe Doctors 1-10, and ABC Insurance

---

[1] R. Doc. 113.

[2] *See*, R. Doc. 84 (Order Substituting Plaintiff, substituting Andrea Armstrong, in her capacity as Executrix of the Estate of Glenn Ford, as plaintiff in this matter).

[3] R. Doc. 122.

[4] *See,* R. Doc. 117.

[5] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to compel is a nondispositive, pretrial discovery motion."  *State Farm Mut. Auto. Ins. Co. v. Friedman*, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)).  *See, Turner v. Hayden*, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter."); *United States v. Toney*, 2012 WL 2952768, at *1 (W.D. La. July 19, 2012) ("The Court must apply a 'clearly erroneous' or 'contrary to law' standard of review to a magistrate judge's ruling on a nondispositive pre-trial motion, such as a motion to compel." (citations omitted)); *In re Tex. Bumper Exchange, Inc.*, 333 B.R. 135, 138 (Bankr. W.D. Tex. 2005) (holding bankruptcy court's order granting motion to compel discovery was an interlocutory order as the order concerned a nondispositive discovery issue and did not dispose of the merits of litigation).

Companies 1-10 (collectively "Defendants"),[6] alleging Defendants violated his rights during his nearly 30 years of wrongful imprisonment[7] by maintaining unconstitutional living conditions and by being deliberately indifferent to his objective medical needs.[8]

Plaintiff asserts that she propounded her first set of Interrogatories and Requests for Production on June 16, 2016.[9]  After granting Defendants' request for a 30-day extension, Plaintiff claims Defendants provided discovery responses from August 18, 2016 to September 2, 2016.[10] On September 27, 2016, Defendants supplemented some of their discovery responses, but Plaintiff asserts that Defendants objected to answering discovery requests that sought the following: (1) information and documents regarding any prior complaint made against each named defendant related to his duties at the Louisiana State Penitentiary at Angola ("Angola"); (2) information and documents regarding prior complaints by other Angola inmates alleging inadequate medical care and complaints by Angola inmates that are similar in nature to the allegations in Plaintiff's Complaint; (3) identification of the policymakers "for purposes of investigating the official policy for ensuring medical care for prisoners at Angola;" and (4) "any document that supports that any Defendant acted inconsistently with any policy at Angola."[11]  Plaintiff asserts that these categories of discovery are relevant to her claims of deliberate indifference and are narrowly tailored in subject matter and time, as the requests are limited to the thirty years that Glenn Ford was wrongfully imprisoned at Angola.  Plaintiff claims that the parties met and conferred on October 19, 2016 in an attempt to resolve the dispute, but that they were unable to do so.

---

[6] On March 10, 2016, this Court issued a Ruling granting in part and denying in part Defendants' Motion for Partial Summary Judgment (R. Doc. 64), in which defendant Warden Ross Maggio was dismissed with prejudice from the case.  (R. Doc. 98 at 6).  As such, there are now only eleven named defendants in this case.
[7] The Complaint alleges that Ford was exonerated on March 10, 2014, nearly thirty years after he was arrested, and that he was released from the Louisiana State Penitentiary at Angola the following day.  (R. Doc. 1 at 3).
[8] R. Doc. 1.
[9] R. Doc. 113-1 at 2; *See*, R. Doc. 113-2 and R. Doc. 113-3.
[10] R. Doc. 113-1 at 2.
[11] *Id.* at 3.

In the Opposition, Defendants assert that the discovery requests at issue are overly broad, burdensome, and not proportional to the needs of the case.[12]  Defendants claim that the requests for all prior complaints filed against all of the defendants are overly broad because they fail to specify a time period for the information and documents requested and because complaints made by inmates other than Glenn Ford are not related to the claims in this case.  Defendants further assert that such discovery requests are overly burdensome, not proportional to the needs of the case, that the burden or expense of the proposed discovery outweighs its likely benefit, and that the documents requested are not reasonably accessible because of undue burden or cost.[13]  Defendants point out that ARPs were not scanned into the system at Angola until 2002, and that they typically range from 4-100 pages each.[14]  Once the ARPs are pulled, Defendants assert that a staff member would need to review each grievance to determine if any of the Defendants were named in the ARP, which is unduly burdensome.  Defendants also assert that ARPs of other inmates are confidential and not subject to public inspection under Louisiana law.[15]  Thus, if the Court compels the production of ARPs filed by other inmates, Defendants contend that the Court must conduct an in camera review of the documents to determine whether the information should be turned over to Plaintiff.[16]

Defendants further assert that during the Rule 37 conference, Plaintiff's counsel indicated that Plaintiff's request to identify policymakers at Angola had been resolved.[17]  Nonetheless, Defendants assert that the request is vague and calls for a legal conclusion.  Defendants also contend that Plaintiff's request for documents that "support a claim that any of the Individual

---

[12] R. Doc. 122 at 2.
[13] *Id.* at 4-5.
[14] *Id.* at 5.
[15] *Id.* at 6 (*citing* La. R.S. 15:574.12).
[16] R. Doc. 122 at 6 (*citing* La. R.S. 15:574.12(F)).
[17] R. Doc. 122 at 7.

Defendants acted inconsistently with any of the policies and practices of the [Louisiana Department of Corrections], and/or policies and practices in place at Angola" is overly broad, not tailored to this case, and not contemplated by the Federal Rules of Civil Procedure.[18]

## II.    Law and Analysis

Under Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.   Fed. R. Civ. P. 26(b)(1).   "For purposes of discovery, relevancy is construed broadly to encompass 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.'"  *Fraiche v. Sonitrol of Baton Rouge*, 2010 WL 4809328, at *1 (M.D. La. Nov. 19, 2010) (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); Fed. R. Civ. P. 26(b)(1)).

However, the Court must limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).   Motions to compel discovery responses are governed by Rule 37(a) of the Federal Rules of Civil Procedure.   "Rule 37(a)(3)(B) provides that a party seeking discovery

---

[18] R. Doc. 122 at 7-8.

may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33." *Gondola v. USMD PPM, LLC*, 2016 WL 3031852, at *2 (N.D. Tex. May 27, 2016) (*citing* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv)). "The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Gondola*, 2016 WL 3031852 at *2 (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

**A. Discovery Regarding Prior Complaints Against the Named Defendants.**

In the Motion to Compel, Plaintiff seeks to compel Defendants to respond to the following discovery requests regarding any prior complaints made against the named defendants:

> **Interrogatory No. 3:**
> Please identify all Complaints (including any Complaints that are presently pending) that have ever been made against you, including but not limited to any and all lawsuits alleging that you or your office provided inadequate medical evaluation or care, inadequate access to medical evaluation or care, or violated the Constitution of the United States in discharging your or your office's responsibilities with respect to prisoners. For each such Complaint, state:
>    a. The date each Complaint was filed;
>    b. A detailed description of the nature of each Complaint;
>    c. A case number or other identifying number of each Complaint; and
>    d. How each Complaint was resolved, including any discipline imposed in connection with each Complaint.

> **Request for Production No. 22:**
> All Documents relating to any Complaint of any Person alleging any kind of misconduct committed by any Individual Defendant within the scope of her employment at Angola.

> **Request for Production No. 33:**
> All Documents relating to any lawsuit or Complaint to which any Defendant has ever been a party. This request is for the time that

Glenn Ford was incarcerated.[19]

Defendants objected to these requests, asserting that any requests for prior complaints and ARPs made by inmates other than Glenn Ford are overly broad and not related to Plaintiff's allegations. Defendants also assert that the discovery requests are unduly burdensome, not proportional to the needs of the case, that the burden or expense of the proposed discovery outweighs its likely benefit, and that these documents are not reasonably accessible because of undue burden or cost.[20]

The Court agrees that Plaintiff's requests are overbroad and unduly burdensome to the extent that they seek information and documents regarding any prior complaint made against the named defendants. A request for all prior complaints or lawsuits filed against the named defendants alleging "that you or your office provided inadequate medical evaluation or care, inadequate access to medical evaluation or care, or violated the Constitution of the United States in discharging your or your office's responsibilities" or "alleging any kind of misconduct committed by any Individual Defendant" encompasses a large array of possible information, not all of which is reasonably calculated to lead to the discovery of admissible evidence. Parties are not required to produce discovery if it would be unduly burdensome. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff has not demonstrated that these discovery requests are reasonably calculated to lead to the discovery of admissible evidence.

Although evidence of other bad acts committed by a defendant is not generally admissible to prove the character of that person or to show that he acted in conformity with such bad character on a particular occasion, Rule 404 of the Federal Rules of Evidence provides that such evidence may be admissible for other purposes, as for example, to show intent or knowledge. F.R.E. Rule

---

[19] R. Doc. 113-1 at 3; *See*, R. Doc. 113-2 at 7, 9; R. Doc. 113-3 at 3.
[20] R. Doc. 122 at 4-5.

404(b).  In *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc), the Fifth Circuit construed Rule 404(b) in the light of the other Rules of Evidence and concluded that this Rule mandates a two-step analysis: "First, it must be determined that the extrinsic evidence offense is relevant to an issue other than the defendant's character.  Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403."  *Id*.  Further, the *Beechum* court defined how extrinsic offenses may be relevant to the proof of intent in connection with another unrelated action, to wit:

> [T]he relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and the charged offense. The reasoning is that because the defendant had unlawful intent in the extrinsic offense[s], it is less likely that he had lawful intent in the present offense.

*Id*.  Where extrinsic evidence of other offenses is sought to be introduced, its relevance is a function of its similarity to the offense charged and, for purposes of determining relevancy, "a fact is similar to another only when the common characteristic is the significant one for the purposes of the inquiry at hand."  *Id*. (*quoting* Stone, The Rule of Exclusion of Similar Fact Evidence: England, 46 Harv.L.Rev. 954 (1933)).

Applying the foregoing standard, the Court finds that some of the information and documents that Plaintiff seeks are potentially relevant.  However, the Court finds it appropriate to limit Plaintiff's discovery requests to prior complaints or lawsuits filed against the named defendants that allege claims only of deliberate medical indifference with respect to failure to adequately treat cancer.  Further, the information and documentation provided shall be limited to complaints and lawsuits filed within a five-year period preceding the filing of this suit.  For any prior complaint produced in accordance with this Order, Defendants shall redact the name and any identifying information of the Angola inmate who submitted the grievance in order to protect the

privacy interests of third parties.[21]   Subject to the foregoing limitations, the Court will direct Defendants to provide supplemental responses to Interrogatory No.3, Request for Production No. 22, and Request for Production No. 33.   The Court further finds that Plaintiff is not foreclosed from seeking additional documents, if necessary, after reviewing the supplemental responses provided pursuant to this Order.   Upon seeking such relief, however, Plaintiff must articulate a particular need for any additional documents requested.

**B. Discovery Regarding Any Prior Complaints Filed by Angola Inmates Alleging Inadequate Medical Treatment.**

Plaintiff also seeks to compel Defendants to respond to the following requests for documents pertaining to any prior complaints made by Angola inmates regarding inadequate medical treatment and improper living conditions:

> **Request for Production No. 24:**
> All Documents relating to all Complaints by prisoners at Angola, or any other Person, alleging inadequate medical care, denial of medical care, or denial of medication.   This request is for such records from 1991-2015.
>
> **Request for Production No. 25:**
> All Documents relating to all Complaints by an LDOC prisoner, or any other Person, concerning a refusal or failure to arrange for evaluation or treatment by an outside healthcare provider. This request is limited to 1991-2015.
>
> **Request for Production No. 26:**
> All Documents containing, memorializing, or pertaining to requests by LDOC or any of its employees or agents for evaluation, consultation, or treatment of prisoners at Angola by an outside healthcare provider. This request includes but is not limited to referral requests, requests for consultation, reports of consultation, collegial reviews, authorization comments, pre-certification notifications, nonapproval/approval forms, launch reports,

---

[21] Defendants assert that ARPs of other inmates are confidential under La. R.S. 15:574.12 and can only be compelled after *in camera* review by this Court to determine whether the information should be turned over to the requesting party.  (R. Doc. 122 at 6; *See,* La. R.S. 15:574.12(F)).  However, because the Court has already determined that the ARPs filed by other Angola inmates are relevant to Plaintiff's case as set forth herein, *in camera* review is not required under La. R.S. 15:574.12(F).

certifications of service, daily activity reports, and all other utilization management documentation. This request is limited to 1991-2015.

**Request for Production No. 40**:
All documents that relate to any Complaint at Angola related to the following topics during the time that Glenn Ford was imprisoned at Angola:

        a. Ventilation for any part of death row;
        b. Sanitary conditions for any part of death row;
        c. Air quality for any part of death row;
        d. Mold abatement on death row;
        e. Incinerators;
        f. Tobacco smoking on death row; and
        g. Limiting death row inmate work duties based on medical considerations.[22]

Defendants objected to the foregoing requests asserting that the requests are overly broad, unduly burdensome, not proportional to the needs of the case, that the burden or expense of the proposed discovery outweighs its likely benefits, and that the documents are not reasonably accessible because of undue burden or cost.[23]   The Court agrees that these requests are overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  With regard to Requests for Production Nos. 24, 25 and 26, Plaintiff has not shown how grievances filed by other inmates at Angola alleging inadequate medical care or denial of medical care are relevant to Plaintiff's allegations that these specific Defendants failed to adequately treat Glenn Ford's lung cancer.  The Court has already permitted discovery of such allegations against the named defendants as set forth in Section II(A), supra.  As such, the Court will not compel responses to Request for Production Nos. 24, 25, and 26.

With respect to Request for Production No. 40, the Court finds that while the request for "All documents that relate to any Complaint" related to the specific categories listed is overly

---

[22] R. Doc. 113-1 at 3; *See*, R. Doc. 113-2 at 7, 10-11.
[23] R. Doc. 122 at 4-5.

broad, some of the documents that Plaintiff seeks are potentially relevant to her claims that Glenn Ford was subjected to unconstitutional living conditions.  As such, the Court will limit Plaintiff's Request for Production No. 40 to prior complaints involving any named defendant filed within a five-year period preceding the filing of this lawsuit that relate to the seven categories specifically listed.  However, for each grievance that is produced in accordance with this Order, Defendants shall redact the name and any other identifying information of the Angola inmate who filed the complaint in order to protect the privacy interests of third parties.  Subject to the foregoing limitations, the Court will direct Defendants to provide a supplemental response to Request for Production No. 40.  The Court further finds that Plaintiff is not foreclosed from seeking additional documents, if necessary, after reviewing the supplemental response provided pursuant to this Order.  Upon seeking such relief, however, Plaintiff must articulate a particular need any additional documents requested.

### C.  Discovery Regarding Policymakers and Angola's Medical Policy

The third category of information and documents that Plaintiff seeks to compel from Defendants concerns the policy at Angola regarding inmate medical care.  Specifically, Plaintiff seeks to compel Defendants to respond to the following requests for information and documents:

> **Interrogatory No. 12:**
> Do you contend that another individual or entity other than yourself was responsible for ensuring that prisoners at Angola receive adequate medical treatment during the time that Glenn Ford was imprisoned there?  If so, state the entire factual basis for that contention.
>
> **Request for Production No. 21:**
> All Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of the LDOC, and/or policies and practices in place at Angola at any time during any of the events or circumstances described in Plaintiff's Complaint.[24]

---

[24] R. Doc. 113-1 at 3; *See*, R. Doc. 113-2 at 7; R. Doc. 113-3 at 4-5.

Defendants object to these requests, asserting that during the Rule 37 conference, counsel for Plaintiff indicated that the dispute regarding Interrogatory No. 12 had been resolved.[25] Defendants claim that Plaintiff does not indicate how or why the responses are deficient and further assert that the requests are vague, overly broad, and call for a legal conclusion.  The Court agrees that these requests are overly broad and vague.  However, the Court finds that some of the information that Plaintiff seeks is potentially relevant.  With respect to Interrogatory No. 12, the Court will limit Plaintiff's request to identifying the policymaker or policymakers at Angola who were responsible for ensuring that inmates at Angola received adequate medical treatment during Glenn Ford's incarceration from 1984 through his release on March 10, 2014.[26]  With respect to Request for Production No. 21 the Court finds the request to be vague and duplicative of Request for Production Nos. 22, 24-26, 33, and 40, previously addressed in this Order.  Thus, the Court will not compel a response to Request for Production No. 21.

### III.    Conclusion

For the reasons set forth herein, Plaintiff's Motion to Compel Discovery[27] is **GRANTED in part,** such that, within twenty-one (21) days of the date of this Order, Defendants shall supplement their responses to Plaintiff's discovery requests by filing into the record of this proceeding:

(1)  supplemental responses to Interrogatory No. 3, Request for Production No. 22, and Request for Production No. 33, providing any documents regarding prior complaints and lawsuits filed against the named defendants involving claims of deliberate medical indifference for failure to adequately treat cancer for the five-year period preceding

---

[25] R. Doc. 122 at 7.

[26] *See*, R. Doc. 1 at 1-3.

[27] R. Doc. 113.

the filing of this suit.  Defendants are further advised that for each prior complaint produced in accordance with this Order, Defendants shall redact the name and any identifying information of the Angola inmate who filed the complaint, with the exception of any complaints by Glenn Ford;

(2)   a supplemental response to Request for Production No. 40 only for any complaints involving any named defendant for the five-year period preceding the filing of this suit.  Defendants are advised that for each prior complaint produced in response to Request for Production No. 40, Defendants shall redact the name and any identifying information of the Angola inmate who filed the complaint, with the exception of any complaints by Glenn Ford; and

(3)   a supplemental response to Interrogatory No. 12, providing a list of all of the policymakers at Angola who were responsible for ensuring that Angola inmates received adequate medical treatment during Glenn Ford's incarceration from 1984 through his release on March 10, 2014.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel[28] is **OTHERWISE DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall seek additional authorization from this Court prior to seeking to compel additional documents from Defendants.  Any request for additional documents beyond those authorized by this Order shall be accompanied by specific facts that articulate the need for the additional documentation.

As the Court finds that oral argument on the Motion to Compel Discovery is not necessary[29] and the Court has already determined that oral argument is no longer necessary on Plaintiff's

---

[28] R. Doc. 113.
[29] *See*, R. Doc. 117.

Motion for Leave to Take More Than 10 Depositions,[30] **IT IS FURTHER ORDERED** that the Motion Hearing set for December 28, 2016 at 9:30 a.m. in Courtroom 5 before the undersigned Magistrate Judge is **CANCELLED**.

Signed in Baton Rouge, Louisiana, December 27, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] R. Doc. 116.